SINFORIANA CRUZ, Plaintiff and Appellant, v. IGNACIO FRANCO ALONSO, Defendant and Appellee.

No. 4631.    Argued June 20, 1929.—Decided June 27, 1929.

*L. Freyre Barbosa* for the appellant.    *E. H. Dottin* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Sinforiana Cruz brought an action in the District Court of San Juan against Ignacio Franco Alonso alleging that Francisco I. Caballero, her late husband, created a mortgage in favor of Ignacio Franco Alonso for the sum of two thousand dollars and interest on a house and lot belonging to him; that Caballero died without having been able to pay the interest and Franco was foreclosing the mortgage; that Caballero had made the house and lot so mortgaged his marital home and residence.   She prayed the court for judgment acknowledging her right of homestead in the said property.

The defendant pleaded lack of jurisdiction and insufficient facts to determine a cause of action.

The court sustained the plea of lack of jurisdiction and as the complaint was not susceptible of amendment, it was dismissed without special imposition of costs.   The plaintiff appealed to this court from that judgment.

It can not be said that in this case a real brief was filed by the appellant, because she did not follow any of the rules

of this court and did not assign the errors separately or in the only manner acceptable to this Supreme Court. This would be a sufficient reason for dismissing the appeal. But the most important thing about the brief is that the appellant agrees with the District Court of San Juan that it has no jurisdiction of the case by reason of the amount involved and it is so stated expressly in her brief. The only ground of her appeal is that the court dismissed the complaint after having declared itself without jurisdiction.

One of the definitions of jurisdiction is that which presents it as the power or authority to declare the law. 35 C. J. 426. When a court lacks jurisdiction there is no other body to declare this state of the law and consequently it may be said that a court can declare itself without jurisdiction, which assertion of the court terminates the litigation and renders a judgment necessary.

We do not know what may have been the aspiration of the appellant in seeking a disclaimer of jurisdiction by the court leaving the action undetermined and, even more, leaving it in such a condition that she could not appeal for lack of a judgment.

The judgment appealed from must be affirmed.